```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                              Case No. 17-01000-RNO
Stephanie Michelle Nauss                                            Chapter 13
      Debtor              CERTIFICATE OF NOTICE
District/off: 0314-1           User: MMchugh               Page 1 of 2           Date Rcvd: May 08, 2017
                               Form ID: pdf002             Total Noticed: 38


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 10, 2017.
db             +Stephanie Michelle Nauss,    316 Park Terrace,    Harrisburg, PA 17111-1747
4895799        +ARCADIA RECOVERY BUREAU,    PO BOX 6768,    WYOMISSING, PA 19610-0768
4895801        +BELCO COMMUNITY CU (for Notices),    449 EISENHOWER BLVD,    HARRISBURG, PA 17111-2301
4895802         BUREAU OF ACCOUNT MGMT,    3607 ROSEMONT AVE STE 502,    PO BOX 8875,   CAMP HILL, PA 17001-8875
4913271        +Belco Community Credit Union,    449 Eisenhower Blvd,    Harrisburg, PA 17111-2301
4895803        +CB/NY&CO,   PO BOX 182789,    COLUMBUS, OH 43218-2789
4895805        +COMCAST CABLE (BK Notices),    1555 SUZY ST,    LEBANON, PA 17046-8318
4895806        +COML ACCEPT,   PO BOX 3268,    SHIREMANSTOWN, PA 17011-3268
4895808         COMPUTER CREDIT INC,    CLAIM DEPT 006301,    470 W HANES MILL ROAD,    PO BOX 5238,
                 WINSTON-SALEM, NC 27113-5238
4895810        +DSNB MACYS,   BK NOTICES,    PO BOX 8053,    MASON, OH 45040-8053
4895811        +HOLY SPIRIT HOSPITAL,    503 N 21ST STREET,    CAMP HILL, PA 17011-2288
4895812        +HUD,   NATIONAL SERVICING CENTER,    301 NW SIXTH ST, STE 200,    OKLAHOMA CITY, OK 73102-2811
4895813        +HUD/FHA,   NATIONAL SERVICING CENTER,    301 NW SIXTH ST, STE 200,
                 OKLAHOMA CITY, OK 73102-2811
4895816        +KEVIN KEITH NAUSS,    316 PARK TERRACE,    HARRISBURG, PA 17111-1747
4895817        +NATIONAL RECOVERY AGENCY,    PO BOX 67015,    HARRISBURG PA 17106-7015
4895818       ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
                 (address filed with court: NATIONSTAR MORTGAGE,    350 HIGHLAND DRIVE,    LEWISVILLE, TX 75067)
4895820        +PENN CREDIT CORP,    916 S 14TH STREET,    HARRISBURG, PA 17104-3425
4895823         PPL ELECTRIC UTILITIES,    ATTN: BANKRUPTCY DEPT,    827 HAUSMAN ROAD,    ALLENTOWN PA 18104-9392
4896073        +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4895825        +SHAPIRO & DENARDO, LLC,    3600 HORIZON DRIVE, STE 150,    KING OF PRUSSIA, PA 19406-4702
4895826        +STATE COLLS,    2509 S STOUGHTON ROAD,    MADISON, WI 53716-3314
4895828        +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                 651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
4895829        +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                 HARRISBURG, PA 17121-0751
4900482        +US Dept of Housing,    and Urban Development,    451 7th Street SW,   Washington DC 20410-0002
4895830         VERIZON BANKRUPTCY DEPT,    500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4895800        +E-mail/Text: g20956@att.com May 08 2017 19:27:06      AT&T MOBILITY,
                 15901 E SKELLY DRIVE (PHILA),    TULSA, OK 74116-2809
4895804        +E-mail/Text: dehartstaff@pamd13trustee.com May 08 2017 19:27:05     CHARLES J DEHART, III, ESQ.,
                 8125 ADAMS DRIVE STE A,    HUMMELSTOWN, PA 17036-8625
4895807         E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 08 2017 19:26:51      COMM OF PA DEPT OF REVENUE,
                 BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
4895809        +E-mail/Text: csd1clientservices@cboflanc.com May 08 2017 19:27:06
                 CREDIT BUREAU OF LANCASTER COUNTY,     PO BOX 1271,    LANCASTER, PA 17608-1271
4895814         E-mail/Text: cio.bncmail@irs.gov May 08 2017 19:26:43      INTERNAL REVENUE SERVICE - CIO,
                 PO BOX 7346,   PHILADELPHIA, PA 19101-7346
4895819        +E-mail/PDF: pa_dc_claims@navient.com May 08 2017 19:16:47     NAVIENT,    PO BOX 9500,
                 WILKES BARRE, PA 18773-9500
4906274         E-mail/PDF: pa_dc_litigation@navient.com May 08 2017 19:16:21
                 Navient Solutions, Inc. on behalf of,    United Student Aid Funds, Inc.,
                 Attn: Bankruptcy Litigation Unit E3149,    PO Box 9430,    Wilkes Barre, PA 18773-9430
4895821        +E-mail/Text: schesek@pinnaclehealth.org May 08 2017 19:26:48     PINNACLE HEALTH HOSPITALS,
                 PO BOX 2353,   HARRISBURG, PA 17105-2353
4895822         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 08 2017 19:22:15
                 PORTFOLIO RECOVERY ASSOCIATES LLC,    120 CORPORATE BLVD,    NORFOLK, VA 23502
4895824        +E-mail/Text: bankruptcynotices@psecu.com May 08 2017 19:27:08     PSECU,    PO BOX 67013,
                 HARRISBURG, PA 17106-7013
4896848         E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 08 2017 19:26:51
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
4895827        +E-mail/PDF: gecsedi@recoverycorp.com May 08 2017 19:16:20     SYNCB/WALMART,    PO BOX 965024,
                 ORLANDO, FL 32896-5024
4895831        +E-mail/Text: bankruptcynotice@westlakefinancial.com May 08 2017 19:26:53     WESTLAKE FINANCIAL,
                 4751 WILSHIRE BLVD,    LOS ANGELES, CA 90010-3827
                                                                                               TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4895815*        IRS CENTRALIZED INSOLVENCY ORGANIZATION,    PO BOX 7346,    PHILADELPHIA, PA 19101-7346
                                                                                            TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2017                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 8, 2017 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          Dorothy L Mott    on behalf of Debtor Stephanie Michelle Nauss DorieMott@aol.com,
           KaraGendronECF@gmail.com;kristinkmessneresquire@msn.com;doriemott01@yahoo.com;bethsnyderecf@gmail
           .com
          James   Warmbrodt    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
          Kara Katherine Gendron    on behalf of Debtor Stephanie Michelle Nauss karagendronecf@gmail.com,
           doriemott@aol.com;doriemott01@yahoo.com;bethsnyderecf@gmail.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                       TOTAL: 5
```

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Chapter 13<br>Case No. 1:17-bk-01000 |
| **STEPHANIE MICHELLE NAUSS**<br>fka Stephanie Michelle Thomas<br>　Debtor | CHAPTER 13 PLAN<br>**(Indicate if applicable)**<br>☐ 0 Motion to avoid liens<br>☒ 1 Motion to value collateral<br>☐ Original Plan<br>☒ Second Amended Plan |

| YOUR RIGHTS WILL BE AFFECTED |
|---|
| **If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.** |

**PLAN PROVISIONS**

**DISCHARGE: (Check one)**
☒　The debtor will seek a discharge of debts pursuant to Section 1328(a).
☐　The debtor is not eligible for a discharge of debts because the debtor has previously received a
　　　discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**
☒　　　This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

**1. PLAN FUNDING AND LENGTH OF PLAN**

　A.　Plan Payments

　　　1.　To date, the Debtor(s) has paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $33,000.00, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 04/2017 | 03/2022 | $550.00 x 60 months | $ | $33,000.00 |
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |
|  |  |  | **Total Payments** | **$33,000.00** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE:  ☑ Debtor(s) is at or under median income.
 ☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets
1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____
_____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

3. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all nonexempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**
A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| **NONE** | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, unless otherwise agreed to by the contracting parties, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| **NATIONSTAR MORTGAGE** | **316 Park Terrace, Harrisburg, PA 17111** | $1,234.00 | $165,238.00 (Approximate) |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **NATIONSTAR MORTGAGE** | **316 Park Terrace, Harrisburg, PA 17111** | Per allowed proof of claim ($24,000.00 estimated) Starting May, 2017 | April, 2017 payment | Per allowed proof of claim |

D. <u>Secured Claims Paid According to Modified Terms.</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY,

AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| NONE | | | | $ | Plan |

* "PLAN" INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE

  E. <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| **HUD/FHA** | **Mortgage**<br>**316 Park Terrace, Harrisburg, PA 17111** | | % | $0.00<br>Strip off |

  F. <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| NONE | |

  G. <u>Lien Avoidance.</u>  The debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| NONE | |

  H. <u>Optional provision regarding duties of certain mortgage holders and servicers.</u>  Property of the estate vests upon closing of the case, and debtor elects to include the following provisions.   (Check if applicable)

   (x) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the debtor to do the following:

   (1) Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage.  For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both:  (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(2)   Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)   Apply the post-petition monthly mortgage payments made by the debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A.   Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| **IRS CENTRALIZED INSOLVENCY ORGANIZATION** | $5,000.00 |
| **COMMONWEALTH OF PA DEPT OF REVENUE** | $554.55 |

   B.   <u>Administrative Claims:</u>

   (1)   Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
   (2)   Attorney fees. Check one box:
         ☒  In addition to the retainer of $0 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.
         ☐  $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court
   (3)   Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

4. **UNSECURED CLAIMS**

   A.   <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| **NONE** | | $ | % | $Per allowed proof of claim |

   B.   All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
| NONE | | $ | % | $ | | |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**
   A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| NONE | | | | |

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

8. **OTHER PLAN PROVISIONS:**
   A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

   (1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
   (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
   (3). Lien Releases.
      (a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
      (b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

If the above Levels are not filled-in, then the order for distribution of plan payments will be determined by the Trustee using the following guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata
Level 5: Secured claims, pro rata..
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

      /s/ Stephanie Michelle Nauss
      Debtor

Case 1:17-bk-01000-RNO    Doc 21    Filed 05/10/17    Entered 05/11/17 00:53:25    Desc
Imaged Certificate of Notice    Page 9 of 9